## SINGLETON *vs.* TOUCHARD.

1. Where a plaintiff in ejectment claimed under a Mexican title, confirmed and patented according to the act of 1851, the defendant cannot oppose to it another Mexican title not finally confirmed, but pending in the Supreme Court on appeal by the Attorney General.
2. In such case the plaintiff has a legal title, while the defendant's title (if it be a title) is but inchoate and equitable, and will not avail him in an action at law.

Gustave Touchard, a subject of the French Emperor, brought ejectment in the Circuit Court for the northern district of California, against James Singleton and seventeen others, for a tract of land situate in the county of Santa Clara, California, being a portion of what is known as *Yerba Buena* rancho. All the defendants answered, averring the title of the land claimed by the plaintiff to be in the public authorities of the city of San José, and all, except two of them, admitted that they were

*Singleton* vs. *Touchard.*

in possession of certain portions of the land for which they severally took defence under conveyances or licenses from either the Mayor and Council, or the commissioners of the funded debt, of San José city. The other two defendants did not aver any conveyance to them from the city officers. They asserted the title to be in the city, but denied that they themselves were in possession.

On the trial the plaintiff produced a patent from the United States to Antonio Chaboya, reciting his claim under a grant from the Mexican Government, and the final confirmation of it pursuant to the act of Congress of March 3, 1851. It was admitted that this patent covered the land in suit. The plaintiff showed the conveyances through which Chaboya's title was transmitted to himself, and proved the possession of the two defendants by whom that fact was denied in their answers.

On the part of the defendants, evidence was given to show that the Mayor and Common Council of the city of San José had petitioned the Board of Land Commissioners for confirmation of their claim to the commons, or pasture lands, of the pueblo of San José. It appeared, that this claim had been confirmed by the commissioners for four leagues, being one league in each direction from the centre of the plaza, and for the remainder of the land the claim was rejected. On appeal to the District Court the title of the city to all the land it claimed was confirmed. The Attorney General took an appeal to the Supreme Court. It was proved, that the boundaries assigned to the pueblo lands by the decree of the District Court included all the lands in dispute between the present parties. After this, the defendants proceeded to show the documentary and other evidence, upon which the pueblo of San José claimed its title from the Mexican nation.

The judge of the Circuit Court instructed the jury that the patent conferred a legal title upon Chaboya and his alienee, the plaintiff. As to the defendants' title, it could not (he said) be set up against the patent, even though the evidence were such as to prove the Mexican grant to the pueblo a good one, and entitled to confirmation, under the act of Congress. The confirmation of the city's claim by the Land Commission and

the District Court, with an appeal to the Supreme Court still pending, and without a survey or patent, might be good in equity, but could not be made available to the party in this action.

The jury accordingly found a verdict for the plaintiff, upon which the court gave judgment, and the defendants sued out this writ of error.

No counsel appeared for plaintiffs in error.

*Mr. Stanton* and *Mr. McCrea,* (with whom was *Mr. Wilkins* and *Mr. Hepburn,*) for defendants in error, argued that the Mexican title set up by the plaintiffs in error was unsound in itself; and even if it were good, it could not be used to resist the perfect legal title of the defendant in error. The confirmation by the District Court amounts to nothing, for it may be reversed. And even if it were a final decree, without a survey or patent, it would be useless in a court of law. *Waterman* vs. *Smith,* (13 Cal. Rep., 418;) *Waterman* vs. *Samuels,* (15 Cal. Rep., 123;) *Mezes* vs. *Greer,* (24 How., 268.)

Mr. Justice GRIER. There were two several instructions given by the court below to the jury. If either of them be correct, the verdict rendered for the plaintiff below was correct, and the judgment of the court thereon must be affirmed.

The plaintiff in ejectment claimed under a patent from the United States; the defendants under a claim confirmed by the District Court, on which an appeal had been entered by the Attorney General. This claim had not been surveyed; its boundaries were not officially ascertained, nor had any patent been issued for it.

The court instructed the jury, "that in the action of ejectment the legal title must prevail; that the plaintiff had a legal title by his patent, and the defendant's, if any, was but an inchoate and equitable title, which might avail in a court of chancery, but it could not avail the defendant in action of ejectment."

This instruction was in exact accordance with numerous de-

*Singleton vs. Touchard.*

cisions of this court, (see *Mezes* vs. *Greer*, 24 How., 268,) and justified the verdict, even if there had been error in the other instructions given.

There is another and important question in the case. It relates to the nature of the title of a pueblo to its common or pasture lands, and whether, under the laws and customs of Spain and Mexico, the government of the colony could make valid sales within the boundaries of the common so claimed?

This question is now for the first time presented to this court. The defendants in error have filed their brief, containing an elaborate argument; but the plaintiffs in error have not furnished us any. As it is not necessary, to our judgment of affirmance of this case, to give any opinion on this point, we decline any examination of the question on an *ex parte* argument.

We may give, as an additional reason for this course, that the question depends on the local law, and on the history and custom of the Mexican government and the Governors of California. And since the appeal in this case, it seems to have been adjudged by the local tribunals. (See *Hart* vs. *Burnett*, 15 Cal. Rep., 544; and *Brown* vs. *San Francisco*, 16 Cal. Rep., 452.)

This decision of a question of local law by these domestic tribunals may well have been considered by the plaintiffs in error as a sufficient reason for abandoning his case without argument here.

*Judgment of the District Court affirmed.*